IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| PAUL E. TRUSS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06-0052-CV-W-RED |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff Paul E. Truss ("Truss") seeks judicial review of the Commissioner's denial of his request for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.* and Supplemental Security Income Benefits under Title XVI of the Act, 42 U.S.C. § 1381 *et seq.* Plaintiff has exhausted all of his administrative remedies, and therefore, pursuant to Section 1631(c)(3) of the Act and 42 U.S.C. § 1383(c)(3), judicial review is now appropriate. After carefully reviewing the record, the Court hereby **AFFIRMS** the decision of the Administrative Law Judge ("ALJ").[1]

## I. Background

The complete facts and arguments are presented in the parties' briefs and will be duplicated here only to the extent necessary. Additionally, the ALJ's decision within the administrative record fully sets forth his findings and as such will not be repeated herein in its entirety except to the extent necessary to address Plaintiff's arguments.

---

[1] Because the Court finds that substantial evidence supports the ALJ's decision and that the ALJ applied the correct standard of law, the Court adopts much of Defendant's brief without quotation or citation.

## II. Standard of Review

The Court's review is limited to determining whether the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g), 1383(c)(3) (2000); *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999). Substantial evidence is relevant evidence that a reasonable mind would accept as sufficient to support the Commissioner's conclusion. *See Warburton*, 188 F.3d at 1050. In making this determination, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See id.* The Court may not reverse the Commissioner's decision merely because substantial evidence supports a different result. *See Pierce v. Apfel*, 173 F.3d 704, 706 (8th Cir. 1999). This is true even if the Court might have weighed the evidence differently and reached a different result if a de novo review were applied. *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001).

To receive disability benefits a claimant must show: (1) a medically determinable physical or mental impairment that has lasted, or can be expected to last, for not less than twelve months; (2) an inability to engage in any substantial gainful activity; and (3) the inability results from the impairment. *See* 42 U.S.C. §§ 423 (d)(1)(A), (d)(2); *see also Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975). The Court reviews the ALJ's decision to determine whether the ALJ followed the Commissioner's implementing regulations, which set out a five-step, burden-shifting process for determining whether the claimant has a "disability" within the meaning of the Social Security Act.

The five steps are: (1) whether the claimant is currently engaging in "substantial gainful

activity," (2) whether the claimant is severely impaired, (3) whether the severe impairment is, or is comparable to, a listed impairment precluding substantial gainful activity as a matter of law, (4) whether the claimant, with her current Residual Functional Capacity ("RFC") can meet the demands of her past work, and if not; (5) whether the claimant retains the capacity to perform any other work that exists in significant numbers in the economy. *See* 20 C.F.R. §§ 404.1520, 416.920 (2006); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987) (discussing the five-step analysis). In the first four steps, the burden is on the claimant to prove that he or she is disabled. If the claimant is not able to perform his or her past work, the burden shifts to the Commissioner to prove that there are jobs in the national economy that the claimant can perform, although the ultimate burden of persuasion remains with the claimant. *See Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004); *see also Barnhart v. Thomas*, 540 U.S. 20, 24, 28 (2003) (noting that the existence of jobs in the national economy must be proved only at step five).

### III. Analysis

Truss identifies two points of error in the ALJ's finding of no disability. First, Truss argues the ALJ failed to properly assess his credibility. Further, Truss argues the ALJ erroneously relied upon the testimony of the vocational expert in reaching his decision.

#### A. Assessing Claimant's Credibility

Truss first argues the ALJ failed to explicitly evaluate his subjective complaints in light of the *Polaski* factors, and that a review of the medical evidence supports his subjective complaints of debilitating symptoms (Pl.'s Br. 17).

The burden of deciding questions of fact, including the credibility of a plaintiff's subjective testimony, rests with the Commissioner. *See Benskin v. Bowen*, 830 F.2d 878, 882

-3-

(8th Cir. 1987). Generally, the ALJ is in a better position than the Court to determine credibility. *Brown v. Chater*, 87 F.3d 963, 966 (8th Cir. 1996). As such, if an ALJ discredits a claimant's testimony and gives good reasons for doing so, the Court will normally defer to the ALJ's credibility determination. *See Russell v. Sullivan*, 950 F.2d 542, 545 (8th Cir. 1991) (quoting *Dixon v. Sullivan*, 905 F.2d 237, 238 (8th Cir. 1990)). When making a disability determination, the ALJ may not disregard a claimant's subjective complaints solely because the objective medical evidence does not fully support them; however, the ALJ may discount the complaints by considering the claimant's prior work record and observations by third parties and physicians relating to such matters as: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the subjective infirmity; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of medication; and (5) functional restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1994). Subjective complaints may be discredited only if there are inconsistencies in the record as a whole. *Id.*

The most significant evidence the ALJ relied upon in discounting the credibility of Truss's testimony was the fact that Truss had been working a part-time job at a level of substantial gainful activity since September 2001. The ALJ concluded that this evidence supported the conclusion that Truss's pain did not substantially erode his ability to maintain focus and attention while on the job. (Tr. 25). The ALJ also noted that while Truss had testified that his level of pain had remained unchanged since his initial injury, the treatment record indicated documented improvements after his first and second surgeries. (*Id.*) The medical evidence also contained record of instances when Truss had not been compliant with physical therapy or with taking his medication. (Tr. 594-595). The ALJ concluded this noncompliance

-4-

lessened Truss's credibility regarding his symptoms. *See Holley v. Massanari*, 253 F.3d 1088, 1092 (8th Cir. 2001).

On review, the Court concludes there is substantial evidence to support the ALJ's assessment of Truss's credibility. The Court finds the ALJ did not improperly discredit Truss's subjective complaints.

### B. Vocational Expert Testimony

Next, Truss argues the ALJ erroneously relied upon the responses of the vocational expert to an incomplete hypothetical question. Specifically, Truss argues the ALJ incorrectly failed to pose a hypothetical question to the vocational expert that included Truss's testimony regarding his pain symptoms and fatigue.

A hypothetical question may be based upon those limitations which are found to be credible and based on substantial evidence. *Pertuis v. Apfel*, 152 F.2d 1006, 1007 (8th Cir. 1998). Here, as discussed above, the ALJ had properly discredited Truss's testimony. Therefore, it was unnecessary for the ALJ to craft a hypothetical question to include limitations based on Truss's subjective complaints.

Truss further argues that it was improper for the ALJ to disallow questioning of the vocational expert by his counsel. Specifically, at the hearing, Truss's counsel sought to ask the vocational expert about an amended hypothetical which would include Truss's complaints of pain and his difficulty sleeping. (Tr. 57-A). The ALJ denied this request. (Tr. 58). While it would have been better had the ALJ allowed counsel to question the vocational expert, the refusal to do so was harmless error, inasmuch as the hypothetical counsel sought to pose would have only included limitations based on Truss's subjective complaints which the ALJ had

discounted

Thus, the Court finds the hypothetical posed to the vocational expert by the ALJ was complete based on substantial evidence on the record.

## IV. Conclusion

Upon review of the record, the Court finds that substantial evidence on the record as a whole supports the ALJ's findings in this case. Accordingly, it is hereby ORDERED that the decision of the ALJ is **AFFIRMED.**

**IT IS SO ORDERED**.

DATE: January 29, 2007   */s/ Richard E. Dorr*
RICHARD E. DORR, JUDGE
UNITED STATES DISTRICT COURT